UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BENNIE L. HART,  )<br> )<br>Plaintiff,  )<br> )<br>V.  )<br> )<br>GREG THOMAS, in his official capacity as )<br>Secretary of the Kentucky Transportation )<br>Cabinet,  )<br> )<br>Defendant.  ) | Civil No. 3:16-cv-00092-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

As private citizens we cannot typically file a lawsuit against a State or Commonwealth. This is an old idea formed under the Kings and Queens of England. The present Motion for Judgment on the Pleadings [R. 14], made by the Commonwealth, previews important First Amendment questions. But, the only question decided here is whether this is one of the limited instances in which the Sovereign, the Commonwealth of Kentucky, can be sued by a private citizen. As explained below, the answer is yes, and consequently, the Motion [R. 14] is **DENIED**.

**I**

The Court must construe the complaint in the light most favorable to the Plaintiff, accept his allegations as true, and draw all reasonable inferences in his favor. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Plaintiff Bennie Hart brings this case against Greg Thomas, in his official capacity as Secretary of the Kentucky Transportation Cabinet. Hart claims he has First Amendment protection for his choice of a vanity license plate with the letters "IM GOD." [R. 1 at 1.] Prior to moving to Kentucky, Hart resided in Ohio, where he displayed a

personalized license plate reading "IM GOD" for twelve years. [R. 1 at 3.] Hart chose this personalized license plate to convey a "philosophical message concerning his views about religion. Specifically, Hart, who identifies as an atheist, asserts that it is impossible to disprove, via the scientific method or otherwise, any individual's assertion that he or she is 'God'; thus, religious belief is highly susceptible to individual interpretation." [R. 1 at 4.]

When Hart moved to Kentucky, he applied for the same license plate. He received a letter in March 2016, from Ainsley W. Snyder, Administrative Branch Manager for Kentucky's Division of Motor Vehicle Licensing, denying his application. [R. 1-1.] The letter stated the license plate was rejected because it did "not meet the requirements of KRS 186.174 and 601 KAR 9:012, Section 5. These laws dictate that a personalized plate may not be vulgar or obscene." [*Id*.]

Next, the Freedom from Religion Foundation (FFRF) sent a letter on Hart's behalf to the then-Commissioner of the Kentucky Department of Vehicle Regulation requesting that the DMV immediately approve the requested personalized plate. [*See* R. 1 at 5; R. 1-2.] In April 2016, the Senior Counsel for the Office of Legal Services of the Commonwealth of Kentucky replied. [R. 1-3.] Counsel explained that the Commonwealth considers "specialized and personalized plates to be government speech," relying on *Walker v. Texas Div., Sons of Confederate Veterans, Inc.*, 135 S. Ct. 2239, 2243 (2015). This letter also clarified that, in fact, Hart's requested plate was not denied due to vulgarity or obscenity, but instead was in violation of 601 Ky. Admin. Regs. 9:012, Section 5(1), stating that plates "offensive to good taste and decency" may be recalled. [R. 1-3.] FFRF replied to this letter disagreeing with its conclusions and distinguishing *Walker*. [R. 1-4.]

According to Ky. Rev. Stat. Ann. § 186.005, "[m]otor vehicles other than commercial vehicles should be registered, regulated, and controlled by the Transportation Cabinet and the Justice and Public Safety Cabinet." Standard license plates in the Commonwealth shall have "three (3) letters of the alphabet and three (3) Arabic numerical digits." Ky. Rev. Stat. Ann. § 186.005 (West). For an additional fee, individuals can choose a "personalized license plate," which instead contains "personal letters or numbers significant to the applicant." Ky. Rev. Stat. Ann. § 186.174 (West). Individuals who want a personalized plate apply through the county clerk's office in person, but may renew their plate by mail. *Id.* The application and fee are mailed to the Transportation Cabinet presumably for review, though the statute does not contain that language. *Id.* Ky. Rev. Stat. Ann. § 186.174 (West) goes on to state that:

> A personalized plate shall not be issued that would conflict with or duplicate the alphabetical-numerical system used for regular license plates or any other license plates issued in the Commonwealth, and shall not contain a combination of more than six (6) letters of the alphabet and Arabic numerals, including spaces. A personalized plate shall not be issued if the cabinet determines the request fails to comply with the conditions specified in KRS 186.164(9)(c) to (g).

According to KRS 186.164(9)(c) to (g):

> (9) A group wanting to create a special license plate that is not authorized under this chapter on June 20, 2005, shall comply with the following conditions before being eligible to apply for a special license plate:
> . . .
> (c) The group, or the group's lettering, logo, image, or message to be placed on the license plate, if created, shall not discriminate against any race, color, religion, sex, or national origin, and shall not be construed, as determined by the cabinet, as an attempt to victimize or intimidate any person due to the person's race, color, religion, sex, or national origin;
> (d) The group shall not be a political party and shall not have been created primarily to promote a specific political belief;
> (e) The group shall not have as its primary purpose the promotion of any specific faith, religion, or antireligion;
> (f) The name of the group shall not be the name of a special product or brand name, and shall not be construed, as determined by the cabinet, as promoting a product or brand name; and

3

> (g) The group's lettering, logo, image, or message to be placed on the license plate, if created, shall not be obscene, as determined by the cabinet.

Ky. Rev. Stat. Ann. § 186.164 (West). 601 Ky. Admin. Regs. 9:012, Section 5(1), cited by the Office of Legal Counsel for the Commonwealth of Kentucky, reads:

> If a personalized plate is issued through oversight or any other reason which carries letter or number combinations offensive to good taste and decency, it shall be recalled by the cabinet and a regular registration license plate issued under KRS 186.050(1) shall be obtained by the owner of the motor vehicle and placed on the vehicle."

In response to the denial for his personalized license plate, Hart brings three causes of action under the First Amendment. [R. 1 at 10.] Hart brings this case, claiming that 601 Ky. Admin. Regs. 9:012 § 5 and Ky. Rev. Stat. Ann. § 186.174(3) are facially unconstitutional and that his First Amendment right to free speech was violated when his application for a personalized plate was denied. [*Id.*]

## II

The Secretary, as the Representative of the Commonwealth, argues that he is protected by the Eleventh Amendment, which reads, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In general, states are immune from claims brought against them by private persons in federal court. *See, e.g., Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); U.S. CONST. amend. XI. The Eleventh Amendment protects states against all types of claims, "whether for injunctive, declaratory or monetary relief." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012). States are protected by the Eleventh Amendment also when "individual state officials are the nominal defendants but the state is the real, substantial

party in interest." *Hall v. Med. Coll. of Ohio at Toledo*, 742 F.2d 299, 301 (6th Cir. 1984); *see Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("Individuals sued in their official capacities stand in the shoes of the entity they represent); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

However, there are three exceptions to Eleventh Amendment immunity. First, Congress may abrogate a state's immunity pursuant to its Fourteenth Amendment powers. *See Alden v. Maine*, 527 U.S. 706, 756 (1999). Second, a state may waive its immunity. *See Sossamon v. Texas*, 563 U.S. 277, 284-85 (2011). Finally, a state's waiver may be invalidated under the exception found in *Ex Parte Young*, 209 U.S. 123 (1908). Neither party argues that Congress has abrogated Kentucky's immunity here nor that the Commonwealth has waived its immunity. Rather, Hart argues, and this Court agrees, that the doctrine set forth in *Ex Parte Young* applies in this case.

Under *Ex parte Young*, individuals who are "officers of the state" who are violating or threatening to violate the Federal Constitution "may be enjoined by a Federal court of equity from such action." 209 U.S. at 155–56, 28 S.Ct. 441. Claims brought under *Ex Parte Young* cannot provide "retroactive relief," but can only provide prospective relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A "court may enter a prospective suit that costs the state money . . . if the monetary impact is ancillary, i.e., not the primary purpose of the suit." *Boler*, No. 16-1684, 2017 WL 3202778, at *15. "[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the

5

Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). To make the determination of whether the relief sought is prospective or retroactive, the Court looks at whether "money or the non-monetary injunction is the primary thrust of the suit." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008). Therefore, to determine if a claim can proceed, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002)).

Here, construing all facts in his favor, Hart has sufficiently alleged that a state officer is violating the Federal Constitution. [R. 1 at 1.] First, neither party disputes that Greg Thomas is a state officer acting in his official capacity as the Secretary of the Kentucky Transportation Cabinet. [R. 1 at 2.] Second, Hart brings this case, claiming that 601 Ky. Admin. Regs. 9:012 § 5 and Ky. Rev. Stat. Ann. § 186.174(3) are facially unconstitutional and that his First Amendment right to free speech was violated when his application for a personalized plate was denied. [R. 1 at 10.] He claims that denying his chosen personalized plate "impermissibly discriminates against [his] speech on the basis of content and/or viewpoint, and has chilled and continues to chill [his] protected speech." [R. 1 at 10.] He supports that claim by explaining what view he intended to express with his personalized plate and providing evidence that the Commonwealth denied his request, for as yet unclear reasons. [*See* R. 1 at 4.] Based on letters from various government officials, Hart argues that the Commonwealth suppressed his protected speech "based on ambiguous, subjective, arbitrary or discriminatory reasons." [R. 1 at 11.] Hart has met his burden of providing "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Also, Hart's primary purpose for filing suit against the state is to obtain his choice of personalized license plate and to have the corresponding statutes found unconstitutional. [*See* R. 1 at 11.] He only seeks costs and reasonable attorney's fees from the state. [*Id*.] Though this may ultimately cost the state money in litigation costs and general costs associated with revising statutes, obtaining money from the state is not Hart's primary purpose, but is only ancillary to his primary goal of exercising his First Amendment right to free speech. *See S & M Brands*, 527 F.3d at 510.

In this context, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Commonwealth contends that there is no cognizable claim because of Eleventh Amendment immunity. As explained, this is not the case and, consequently, the Commonwealth fails to meet its burden.

Finally, though neither party has explicitly requested this Motion to Dismiss be converted to a Motion for Summary Judgment, both parties have presented significant briefing on whether Hart's First Amendment right was in fact violated. [*See* R. 14; R. 16.] "It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)). As potentially discoverable issues still exist, including, but not limited to, whether the regulation in question is viewpoint neutral [R. 14-1 at 11; R. 16 at 15] and what guidelines the state relied on when denying Hart's application for a personalized license plate [*see* R. 1-1; R. 1-3], this Court will not convert the Motion to Dismiss to one for Summary Judgment and discovery shall proceed.

## III

Accordingly, having considered the record, applicable law, and the arguments of the parties, the Court hereby **ORDERS**:

1. The Defendant's Motion to Dismiss [R. 14] is **DENIED**;

2. Plaintiff's Motion for Extension of Time [R. 15] is **DENIED** as **MOOT**;

3. Plaintiff's Motion to Withdraw [R. 26] is **GRANTED**; and

4. A scheduling order will be entered promptly.

This the 30th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge