UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:16-CV-92-GFVT-EBA

BENNIE L. HART,                                                                                   PLAINTIFF,

v.                                                    **ORDER**

GREG THOMAS, *in his official capacity*                                           DEFENDANT.
*as Secretary of the Kentucky Transportation*
*Cabinet*,

\*\*\* \*\*\* \*\*\* \*\*\*

The parties jointly move to extend various scheduling deadlines set in DE #32. DE #40. The parties represent that several depositions remain to be scheduled, and that the holidays have impacted the parties' abilities to meet the deadline to complete fact discovery. The parties request an extension of forty-five days on their deadlines for fact discovery, expert disclosures, expert discovery and dispositive deadlines, thereby affecting the Final Pretrial Conference and Trial dates. Finding that good cause exists pursuant to Federal Rules of Civil Procedure 16 and 6(b), the Court **GRANTS** DE #40 and **AMENDS** DE #39 as follows:

1. The deadline for completion of all fact discovery is **February 15, 2019**.

2. Plaintiffs shall make all expert disclosures required by Rule 26(a)(2) by **February 22, 2019**. Defendants shall make all expert disclosures required by Rule 26(a)(2) by **March 1, 2019**.

3. The deadline for completion of all expert discovery is **March 22, 2019**.

4. No later than **April 15, 2019**, counsel for the parties shall file all dispositive motions. Response and reply time shall be governed by Local Rule 7.1(c).

## **PRETRIAL**

1. The Final Pretrial Conference, previously scheduled for Tuesday, May 28, 2019, is hereby **RESCHEDULED** for **Wednesday, July 10, 2019**, at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**.

2. **No later than seven (7) days** prior to the Final Pretrial Conference, counsel shall file with the Clerk an original, shall submit a copy to the Court's chambers, and shall provide a copy to opposing counsel of the following, **each to be filed as a separate document**:

    a. Pursuant to Rule 26(a)(3)(A)(i), a witness list with a brief summary of the expected testimony of each witness. Pursuant to Rule 26(a)(3)(A)(ii), **the witness list shall be filed separately** and include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list.

    b. Pursuant to Rule 26(a)(3)(A)(iii), a list of exhibits intended to be used at trial. **The exhibit list shall be filed separately** and contain a description of each exhibit in sufficient detail to permit adequate identification thereof, and shall include a list of any demonstrative and/or summary exhibits to be used at trial (including any to be used during opening statements).

c. A pretrial memorandum containing the following:
   i. succinct statement of the facts of the case;
   ii. the questions of fact;
   iii. the questions of law;
   iv. expected evidentiary objections;
   v. a listing of all pending motions;
   vi. the status of settlement negotiations and the likelihood of settlement; and
   vii. the feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

d. **A copy of the Agreed Proposed Jury Instructions shall also be filed separately**, with supporting authorities. If the parties cannot agree on certain instructions, counsel shall file with the Clerk, shall submit a copy to the Court, and shall provide a copy to opposing counsel of their separately proposed instructions with supporting authorities. **Failure to submit jury instructions within the time provided may result in cancellation of the Final Pretrial Conference and Trial dates.**

e. An Agreed Statement of the Case suitable for reading to the prospective jurors on voir dire.

3

  f. **Proposed voir dire** questions for consideration by the Court. It is the practice of the undersigned to conduct the entire voir dire, incorporating both general as well as case-specific inquiries. In conducting voir dire, the Court utilizes both its own questions and many of those proposed questions submitted by counsel. In addition to its own voir dire, the Court will allow counsel for both parties a brief opportunity for follow up questions, and the length of time permitted for follow up by counsel will be determined at the Final Pretrial Conference.

  g. Any motions for ruling by the Court upon any objection made in any evidentiary deposition to be used at trial on which ruling by the Court is necessary prior to trial. Any objection within any deposition which is not so raised specifically (by citation to page number and question number) for ruling by the Court shall be deemed to be summarily overruled.

3. **No later than the Friday before the Final Pretrial Conference, counsel shall file:**

  a. Written objections, pursuant to Fed. R. Civ. P. 26(a)(3)(B), to the list of witnesses and exhibits previously filed by any other party. **Counsel shall attach a copy of the challenged exhibit(s) to any objections filed with the Court.** Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of

Evidence, shall be deemed waived unless excused by the court for good cause shown.

4. **At the Final Pretrial Conference**, counsel for the parties shall be prepared to:

   a. Display to the Court all exhibits intended to be used at trial, which shall already be pre-marked in accordance with Local Rule 83.10 and numbered in the order in which they will be offered at trial, and provide a court copy of all documentary exhibits.

   b. Advise the Court that they have displayed to opposing counsel all exhibits which may be used at trial, including any demonstrative or summary exhibits.

   c. Discuss and make possible stipulations of admissibility, or threshold foundation requirements for admissibility of exhibits, including authenticity; discuss and make stipulations of fact or law which would expedite the trial of this action.

   d. Demonstrate an ability to use the court's visual presentation system for any exhibit which will be discussed by a witness or utilized during opening or closing statements. The system can display documents, x-rays, photographs, negatives and videos. The presentation system is designed to display the exhibit simultaneously to the parties, the jury, the witnesses, and the Court. First time users of the system should contact the Court's Judicial Assistant to make arrangements to view the system onsite. Although there is a witness

>>monitor, some witnesses have difficulty reading from same, so an extra copy to hand to the witness should be readily available. A description of the system can be found at: *www.kyed.uscourts.gov/court-tech.htm*.
>
>   e. Discuss the possibility of settlement.
>
> 5. **Court Copies**. In addition to the official copies filed with the Clerk of the Court, the following documents shall be submitted to the undersigned's Chambers electronically:
>
>    a. witness list(s);
>
>    b. exhibit list(s);
>
>    c. proposed jury instructions;
>
>    d. proposed voir dire questions; and
>
>    e. statement(s) of the case.
>
> These documents shall be transmitted as an email attachment to *GFVT_chambers@kyed.uscourts.gov* in either WordPerfect or Word format.

### TRIAL

The Jury Trial, previously scheduled for Tuesday, June 11, 2019, is hereby **RESCHEDULED** for **Tuesday, July 23, 2019**, at the hour of **10:00 a.m**. in the Courtroom of the United States Courthouse in **Frankfort, Kentucky**.

This the 18th day of December, 2018.



Signed By:
**Edward B. Atkins** *EBA*
United States Magistrate Judge