**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | |
|---|---|
| **BENNIE L. HART,** | ) |
| | ) |
|       **PLAINTIFF,** | ) |
| | ) |
| **v.** | )     Case No. 3:16-cv-00092-GFVT |
| | ) |
| | ) |
| **GREG THOMAS, in his official capacity as Secretary of the Kentucky Transportation Cabinet,** | ) ) ) |
| | ) |
|       **DEFENDANT.** | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION FOR SUMMARY JUDGMENT**

Comes the Defendant, Greg Thomas, in his official capacity as Secretary of the Kentucky Transportation Cabinet, by and through counsel, and hereby submits the following memorandum of law in support of his motion for summary judgment.

**INTRODUCTION**

This case is a straightforward application of the United States Supreme Court's recent decision in Walker v. Texas Div., Sons of Confederate Veterans, Inc., 135 S. Ct. 2239 (2015), in which the Supreme Court rejected a First Amendment challenge to Texas' scheme governing specialized license plates. Although this case concerns personalized license plates, the principles from Walker still control. Regardless of whether license plate designs (specialized plates) or alphanumeric characters (personalized plates) are at issue, the fact remains that the government is speaking on behalf of its citizens. "[W]hen the government speaks it is entitled to promote a program, to espouse a policy, or to take

1

a position. In doing so, it represents its citizens and it carries out its duties on their behalf." Id., at 2246.

## **FACTS**

This action arises out the Kentucky Transportation Cabinet's (hereinafter "KYTC") decision to deny the Plaintiff's request for a personalized license plate containing the alphanumeric combination "IM GOD". Doc. 1 ¶ 1. The Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming KYTC's decision to deny his request violated his rights as granted to him by the First and Fourteenth Amendments of the United States Constitution. Id. ¶¶ 36-40. As will be demonstrated, the Plaintiff's claims are legally deficient and must be dismissed.

In Kentucky, all motor vehicles are registered, regulated, and controlled by KYTC. KRS 186.005(2); KRS 186.240(1). Pursuant to KRS 186.020, all motor vehicle owners must register their motor vehicles with the Commonwealth and must pay an annual fee in accordance with KRS 185.050. All properly registered motor vehicles are assigned a registration number, which is a unique combination of three letters of the alphabet and three Arabic numbers. KRS 186.010(2). This registration number is placed on a license plate along with the word "Kentucky," the slogan "Bluegrass State," and the name of the county in which the license plate is issued and provided to the motor vehicle registrant. KRS 186.240(2). The motor vehicle registrant is required to display his corresponding license plate on the rear of his vehicle so that the license plate is visible at all times. KRS 186.170(1); KRS 186.240(c).

Kentucky provides motor vehicle registrants the opportunity to obtain a specialized license plate in lieu of a regular/general issue license plate. KRS 186.164(7). Over time,

the Kentucky General Assembly has created various specialized license plates for specific groups or organizations in KRS 186.162. Additional groups or organizations wanting to create a specialized plate must obtain final approval for their plate from KYTC. KRS 186.164(2). As part of obtaining KYTC's approval of a requested specialized plate, all groups or organizations requesting a specialized license plate must comply with the conditions in KRS 186.164(9)(a)-(g). A KYTC approved specialized license plate must also contain the word "Kentucky" as well as the motor vehicle registrant's registration number when issued to a motor vehicle registrant. KRS 186.164(2).

Relevant here, Kentucky allows motor vehicle registrants the option of requesting the approval of a specific alphanumeric combination from KYTC as part of the Commonwealth's personalized license plate program. KRS 186.174. The specifically requested alphanumeric combination must be unique and limited to a combination of no more than six total letters of the alphabet, numbers, and spaces. KRS 186.174(3). Moreover, the requested alphanumeric combination must comply with the criteria set out in KRS 186.164(9)(c)-(g). KRS 186.174(3).

In accordance with statute, KYTC reviews every requested alphanumeric combination with the criteria set forth in KRS 186.164(9)(c)-(g) in order to determine whether to approve or deny the requested alphanumeric combination. Id. The Kentucky General Assembly expressly incorporated five of the seven conditions for approving or denying specialized license plate requests into the requirements for approving or denying the alphanumeric combinations requested as part of the personalized license plate

program[1]. The criteria that KYTC must use as part of its review either to approve or deny a personalized license plate include:

> (c) The group, or the group's lettering, logo, image, or message to be placed on the license plate, if created, shall not discriminate against any race, color, religion, sex, or national origin, and shall not be construed, as determined by the cabinet, as an attempt to victimize or intimidate any person due to the person's race, color, religion, sex or national origin;
> (d) The group shall not be a political party and shall not have been created primarily to promote a specific political belief;
> (e) The group shall not have as it primary purpose the promotion of any specific faith, religion, or antireligion;
> (f) The name of the group shall not be the name of a special product or brand name, and shall not be construed as determined by the cabinet, as promoting a product or brand name; and
> (g) The group's lettering, logo, image, or message to be placed on the license plate, if created, shall not be obscene, as determined by the cabinet.

KRS 186.164(9)(c)-(g).

If the requested alphanumeric combination is approved by KYTC that approved combination serves as the motor vehicle registrant-applicant's registration number, which is then placed on a general/regular issue license plate or specialized license plate. KRS 186.174.

Here, the Plaintiff requested a personalized license plate containing the alphanumeric combination "IM GOD". KYTC reviewed the Plaintiff's request and denied the personalized plate request because it violated KRS 186.174(3) and KRS 186.164(9)(c)-(g). (KYTC Denial Letter, Exhibit 1). KYTC complied with the foregoing statutory framework in denying the personalized license plate in question. Following

---

[1] Parts (a) and (b) of KRS 186.164 deal with explicitly with types the groups or organizations applying for a specialized license plate and do not impact the personalized license plate program.

KYTC's denial, the Plaintiff brought suit requesting an alphanumeric combination that violates the plain language of the statute.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of explaining the basis of its motion and demonstrating that no genuine issue of material fact exists. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the nonmoving party may not simply rest on its prior pleadings; it must produce further evidence showing a genuine issue for trial. Id. at 324. Although the Court must view the facts and draw reasonable inferences in favor of the nonmoving party, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient. . ." Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## ARGUMENT

Defendant is entitled to summary judgment on the claims alleged against him by the Plaintiff because the Defendant did not violate the Plaintiff's First or Fourteenth Amendment rights when the Defendant denied the Plaintiff's application for the personalized license plate containing the alphanumeric designation "IM GOD." Kentucky's state issued license plates, which necessarily include the alphanumeric combinations that make up personalized license plates, are "government-mandated, government-controlled, and government-issued IDs that have traditionally been used as a medium for government speech." Walker, 135 S. Ct. at 2250. Because government

5

speech is at issue, the Plaintiff's claims, which depend upon the Court applying First Amendment forum analysis, must be dismissed.

**I. Kentucky's Personalized License Plates Constitute Government Speech**

A state-issued personalized license plate is government speech and therefore not subject to scrutiny under the Free Speech Clause. In Walker, the United States Supreme Court determined that specialized license plates constitute government speech by applying a three-factor test. Id. at 2247. Walker's three factors are: 1) whether the government has historically used the medium to speak to the public; 2) whether the message is closely identified in the public mind with the state; and 3) the degree of control the state maintains over the message conveyed. Id. Importantly, in upholding Texas's specialized license plate program, the Supreme Court applied this three-factor analysis as opposed to the Court's precedent regarding forum analysis for private speech. Walker, 135 S Ct. at 2246; *see also* Pleasant Grove City v. Summum, 555 U.S. 460, 464 (2009).

Although the Walker decision considered specialized license plates, the reasoning used in Walker to conclude that specialized license plates constitute government speech applies equally, if not more strongly, to personalized license plates. The Indiana Supreme Court has so held. Comm'r of Indiana Bureau of Motor Vehicles v. Vawter, 45 N.E.3d 1200, 1207 (Ind. 2016) ("The three *Walker* factors apply with equal or even greater force to Indiana PLPs [personalized license plates] as they do to Texas' specialty plates, demonstrating that Indiana's PLPs are government speech."). *But see* Mitchell v. Maryland Motor Vehicle Admin., 148 A.3d 319 (Md. 2016) (reaching a different conclusion under a distinguishable license-plate regime). Accordingly, Kentucky's personalized license plates constitute government speech. As such, the Defendant did not violate the

6

Plaintiff's civil rights when KYTC denied the Plaintiff's application for the personalized license plate containing the alphanumeric designation "IM GOD."

### a. Kentucky's Personalized License Plates Have Historically Been Used As A Medium to Speak to the Public

Kentucky's personalized license plates meet the first prong of the Walker test because Kentucky's personalized license plates have historically been used by the Commonwealth as a medium to speak to the public. The Supreme Court recognized "the history of license plates shows that, insofar as license plates have conveyed more than state names and *vehicle identification numbers*, they have long communicated messages from the States." Walker, 135 S. Ct. at 2248 (emphasis added). In reaching this conclusion, the Supreme Court pointed to graphics and slogans on license plates that might urge action, promote tourism, and/or tout local industries as examples of the states communicating messages through license plates. Id. Some of these examples included the profile of the "Old Man of the Mountain" on New Hampshire's license plates, a rider atop a bucking bronco on Montana's plate, the slogan "Hoosier Hospitality" on Indiana's license plate, and the slogan "America's Dairyland" on Wisconsin's plate. Id. (citing J. Fox, License Plates of the United States (1997)). These examples cited by the Supreme Court extended to general-issue license plates issued by the states, not just the specialized license plate program that the Supreme Court analyzed in Walker.

In Vawter, 45 N.E.3d at 1204-1205, the Indiana Supreme Court determined that Indiana's personalized license plates satisfied the first prong of the Walker three-factor standard because Indiana had historically used license plates as a medium to communicate to the public. As Vawter put it, "the alphanumeric combinations provide identifiers for public, law enforcement, and administrative purposes. Through these

7

identifiers, the government enables the public to provide a unique identifier to others, differentiate between vehicles in a parking garage or lot, and identify their vehicles if they are borrowed or stolen." Id. at 1204. Moreover, Vawter noted that the Indiana license plates have long contained slogans and graphics allowing for government communication. Id. This government communication originated on general/regular-issue license plates, then expanded first to specialized license plates, and finally to personalized license plates. Id.

The Indiana Supreme Court dismissed the notion that because the alphanumeric combinations placed on personalized license plates, if approved by the state, are individually chosen by motor vehicle registrants-applicants, the license plate is no longer government speech. Id. at 1205 ("While the alphanumeric combinations on PLPs are individually chosen instead of created by the state, this difference is secondary and does not change the principal function of state-issued license plates as a mode of unique vehicle identification."). The Vawter Court reached this conclusion by relying on Walker's conclusion that "[t]he fact that private parties take part in the design and propagation of a message does not extinguish the government nature of the message…" Id. at 1205 (quoting Walker, 135 S. Ct. at 2251). The alphanumeric portion of the plate is a part of the entire message the state is trying to communicate on its license plates.

By contrast, the Maryland Court of Appeals did not address the overall message being sent by the state to the public on its license plates as part of its analysis of whether Maryland's personalized plates fit the first prong of the three-factor Walker standard. Mitchell, 148 A.3d 319. This failure is one of the key distinguishing differences between the decisions reached by the Vawter Court and the Mitchell Court.

Consistent with the examples cited by the Supreme Court in <u>Walker</u> and the reasoning relied upon by the <u>Vawter</u> Court, Kentucky has long used its license plates to send messages to the public. First, Kentucky mandates all motor vehicles registered in the Commonwealth be affixed with a license plate consisting of a unique registration number. KRS 186.050(2); KRS 186.020; KRS 186.170(1); KRS 186.174. As pointed out by the <u>Vawter</u> Court, this statutory requirement of a registration number sends a government message that assists in identifying vehicle ownership. <u>Vawter</u>, 45 N.E.3d at 1204. Second, Kentucky has a long history of placing graphics and slogans on its plates to communicate messages from the Commonwealth to the public. In 1929, Kentucky placed the slogan "For Progress" on its license plates. J. Fox, <u>License Plates of the United States</u> 44-45 (1997) (Exhibit 2). In 1951, "Tour Kentucky" was adopted as the message being sent by the government to its people. <u>Id.</u> The slogan "Bluegrass State" was introduced as a requirement onto license plates in 1988. KRS 186.240; J. Fox, <u>License Plates of the United States</u> 44-45 (1997). Currently, Kentucky uses "Unbridled Spirit" on its license plates to promote the Commonwealth. Kentucky license plates have also been adorned with graphics such as the steeples of Churchill Downs and running horses, J. Fox, <u>License Plates of the United States</u> 44-45 (1997). Kentucky government, specifically KYTC, has historically used license plates as a medium to deliver messages to the public.

Finally, it must be pointed out that, like Indiana, Kentucky's personalized license plate program allows the motor vehicle registrant-applicant the opportunity to request a specific combination of letters and numbers to go on a Kentucky-issued license plate. KRS 186.174. The Commonwealth reviews *all* requests in accordance with the statutes, and if approved by the Commonwealth, this unique alphanumeric combination is placed

9

on a general/regular issue license plate or one of the specialized license plates. The specific combination of letters and numbers authorized by the personalized license plate program serves as the identifying marker of a vehicle and a part of the total government message being communicated by Kentucky on its license plates. "The fact that private parties take part in the design and propagation of the message does not change the governmental nature of the message. . ." <u>Vawter</u>, 45 N.E.2d at 1205 (quoting <u>Walker</u>, 135 S. Ct. at 2251). Accordingly, Kentucky's personalized license plates meet the first prong of <u>Walker</u>'s three-factor test because Kentucky's personalized license plates have historically been used as a medium to speak to the public.

### b. Kentucky's Personalized License Plates Are Closely Identified in the Public Mind with the State

Kentucky's personalized license plates satisfy the second prong of the <u>Walker</u> three-factor standard because Kentucky's personalized license plates are closely identified in the public mind with the State. The governmental nature of license plates is clear for the simple reason that the plates are produced and issued by the government with the state's name displayed prominently on the plate. <u>Walker</u>, 135 S. Ct. 2248-49. As recognized by the Supreme Court, "license plates are, essentially, government IDs" and "issuers of IDs 'typically do not permit' the placement on their IDs 'message[s] with which they do not wish to be associated.'" serving the governmental purpose of vehicle registration and identification. <u>Id.</u> at 2249 (quoting <u>Summum</u>, 555 U.S. at 471). "Consequently, 'persons who observe' designs on IDs 'routinely—and reasonably—interpret them as conveying some message on the [issuer's] behalf." <u>Ibid.</u> "A person who displays a message on a [state issued] license plate likely intends to convey to the public that the State has endorsed that message." <u>Walker</u>, 135 S. Ct. at 2249. If the person did

10

not want the appearance of the State's endorsement, the person could simply display the private speech message they want on a bumper sticker next to the license plate. Id.

Applying the rationale set out by the Supreme Court in Walker, the Vawter Court correctly determined that Indiana's personalized license plates are closely identified in the public mind with the state of Indiana. Vawter, 45 N.E.3d at 1205-06. In reaching this decision, the Vawter Court identified the following facts: Indiana is prominently displayed on the plate; the plate is owned and issued by the state of Indiana; Indiana must approve the alphanumeric combination requested by the motor vehicle registrant-applicant; and Indiana requires the plates to be displayed on the vehicle. Id.

The Vawter Court rejected the applicants' argument that some members of the public might more closely identify the alphanumeric message on a personalized license plate with the vehicle owner than the state. Vawter, 45 N.E.3d at 1206. "PLPs [Personalized license plates] do not cease to be government speech simply because some observers may fail to recognize that PLP [personalized license plate] alphanumeric combinations are government issued and approved speech in every instance". Id. The alphanumeric combination that makes up personalized license plates, regardless of the actual combination, is government speech specifically identifying a vehicle. Id, at 1206 (citing Walker, 135 S. Ct. 2255-56).

Importantly, it appears all nine Justices of the Supreme Court, including the four dissenters, have already determined the alphanumeric portion of a state issued license plate to be government speech. Walker, 135 S. Ct. 2239.  The five Justices making up the majority ruled a specialized license plate, which contains the applicant's chosen graphics and slogans, are very much government speech since those graphics and

11

slogans must be approved the state, are placed on government-mandated, controlled, and issued license plate, and carry the endorsement of the state to the public. Id. This reasoning would apply equally to the alphanumeric portion of a personalized license plate. Moreover, the four dissenting Justices agreed that a portion of state-issued is government speech. Walker, 135 S. Ct. at 2255-2256. Specifically, the four dissenting Justices found **"license plates unquestionably contain *some* government speech (*e.g.*, the name of the State and the numbers and/or letters identifying the vehicle)."** Id.

The Mitchell Court's conclusion that the messages contained on personalized plates are not government speech seems to be based on Maryland's lack of control over the approval of alphanumeric requests presented by motor vehicle registrants-applicants. Mitchell, 148 A.3d at 327-28. This lack of authority is sharply different from Indiana and Kentucky, where the state maintains final approval over all personalized plate requests. Vawter, 45 N.E.3d at 1205 ("Those who apply for an Indiana PLP discover that the BMV must approve every alphanumeric combination before it can be displayed."); KRS 186.174(6) ("A personalized plate shall not be issued if the cabinet determines the request fails to comply with the conditions specifics in KRS 186.164(c) to (g).").

Moreover, the Mitchell Court's determination that the public recognizes personalized license plates as motor vehicle registrant-applicant created messages and not messages endorsed by the state conflicts with the Supreme Court's ruling in Walker. The Supreme Court made clear that members of the public who observe the graphics and messages on license plates believe that the State who issued the license plate is conveying and endorsing all of the graphics and messages on the license plate. Walker, 135 S. Ct. at 2249 ('[P]ersons who observe' designs on IDs 'routinely—and reasonably—

interpret them as conveying some message on the [issuer's] behalf.'" (quoting Summum, 555 U.S. at 471)). To apply a different rationale to personalized license plates from specialized license plates does not fit with the reasoning set out by the Supreme Court in Walker.

Just like Texas' specialized license plates and Indiana's personalized license plates, "Kentucky" is prominently displayed on the top of *all* license plates issued in Kentucky. (Pictorial Display of Kentucky's Currently Available License Plates, Exhibit 3). And like Texas and Indiana, Kentucky requires all owners of registered motor vehicles to display their Commonwealth issued license plate on the rear of the vehicle. KRS 186.170(1). Finally, Kentucky, just like Texas and Indiana, has final approval over which graphics, logos, and/or messages appear on a license plate, including the personalized alphanumeric combination requested by a motor vehicle registrant. KRS 186.164; KRS 186.174. Accordingly, and consistent with Walker, the public understands that every message, graphic, or logo placed on a license plate, whether it be a general-issue plate, a specialized plate, or a personalized plate, has been reviewed, approved, and endorsed by the Commonwealth. As such, Kentucky's personalized license plates satisfy the second prong of the Walker three-factor standard.

### c. Kentucky's Personalized License Plates Are Controlled by the State

Kentucky's personalized license plates meet the third prong of the Walker three-factor standard because Kentucky maintains direct control over whether a personalized plate request is approved and issued by the Commonwealth. As part of the Supreme Court's analysis of the third prong, the Supreme Court recognized Texas exercised direct control and final approval over the graphics, logos, and messages placed on its license

plates. Walker, 135 S. Ct. at. 2249. In short, the Supreme Court found Texas controls the messages conveyed on its license plates by exercising final approval authority. Id.

The Vawter Court concluded that Indiana maintains direct control over personalized license plates because Indiana's statute requires all requested alphanumeric combinations be reviewed and approved by the state before the plate can be issued. Vawter, 45 N.E.3d at 1206. Per Indiana statute, Indiana's Bureau of Motor Vehicles may reject any personalized license plate that 1) carries a connotation offensive to good taste; 2) would be misleading; or 3) the bureau otherwise considers improper for issuance. Id.; see Ind. Code § 9-18-15-4(b). The Indiana Supreme Court held that this statutory authority was enough for the state to maintain direct control over the messages being displayed on its license plates. Vawter, 45 N.E.3d at 1206-1207.

As set out above, the Mitchell Court's conclusion that the messages contained on personalized plates are not government speech seems to be based on Maryland's lack of control over the approval of alphanumeric requests presented by motor vehicle registrants-applicants under Maryland law. Mitchell, 148 A.3d at 327-28. This lack of control is sharply different from Indiana, Texas, and Kentucky, where the state maintains final approval over all personalized plate requests.

Per Kentucky statute, KYTC maintains final approval authority over the alphanumeric combinations requested by motor vehicle registrants-applicants on personalized license plates. KRS 186.174. Notably, the criteria under which KYTC must use to either approve or deny the requested alphanumeric combination are the same criteria KYTC utilizes to determine whether to approve or deny a specialized license plate request. KRS 186.174(3); KRS 186.164(9)(c)-(g). By applying these statutes to each

14

personalized plate request, KYTC maintains direct control over which alphanumeric combinations are denied or approved and ultimately placed on Kentucky's license plates. This active decision-making demonstrates Kentucky's control over all aspects of what goes with respect to license plates and certainly establishes that Kentucky has final authority over the messages being delivered or not being delivered to the public on its license plates. KYTC exercised its final authority in denying the Plaintiff's alphanumeric plate request since the request violated the criteria by which KYTC denies and approves personalized license plate requests. The statute prohibits the relief sought by Plaintiff.

Kentucky's personalized license plates are government speech since they satisfy all three prongs of the three-factor standard set forth by the Supreme Court in <u>Walker</u>. Since personalized license plates are government speech, Kentucky has the ultimate authority to decide which messages it will or will not place on its license plates. Accordingly, Kentucky did not violate the Plaintiff's rights when it decided to not endorse the message the Plaintiff wanted to put on Kentucky's government-mandated, government-controlled, and government-issued license plates. The Plaintiff has always had the freedom to display any message he wants on his motor vehicle by placing a bumper sticker on the rear of his vehicle. Ultimately, the state cannot be any more compelled to give its stamp of approval to a motor vehicle owner-applicant's requested alphanumeric combination on a personalized license plate than it can be compelled to give its imprimatur to an inflammatory graphic, message or logo on a specialized license plate.

  **II.  Kentucky's Personalized License Plates Are Not Subject to Forum Analysis**

License plates are government speech and therefore are not subject to forum analysis. Forum analysis is used by the Courts "to evaluate government restrictions on purely private speech that occurs on government property." Walker, 135 S. Ct. at 2250; *see* Cornelius v. NAACP Legal Defense & Ed. Fund, Inc., 473 U.S. 788, 800 (1985). Because the government is speaking on its own behalf on a license plate, the First Amendment strictures that attend the various types of government-established forums do not apply. Walker, 135 S. Ct. at 2250 ("[F]orum analysis is misplaced here.").

In the instant case, the Plaintiff requested a specific alphanumeric combination from the Commonwealth to go on one of the Commonwealth's already state approved license plates. While this alphanumeric request was devised by the Plaintiff, the Commonwealth has final control and authority over whether to approve or deny a personalized alphanumeric request and place it on a government-mandated, government-controlled, and government-issued license plate. Like the Walker applicant's requested graphics and slogans on a specialized license plate, the specific alphanumeric combination requested by an applicant like the Plaintiff on a personalized license plate in Kentucky does not change the fact the entire message displayed on a license plate is government speech. Because personalized license plates are government speech, forum analysis does not apply to the case at hand.  Similar to other forms of government property, Plaintiff is not entitled, as a matter of law, to place stickers or messages on guard rails or stop signs.  Such government property that is not a "public forum" is excepted from First Amendment scrutiny.

## **CONCLUSION**

Kentucky's personalized license plates constitute government speech in accordance with the three-factor standard set forth by the Supreme Court in Walker. As such, the Defendant did not violate the Plaintiff's civil rights when the Plaintiff's request to place the alphanumeric combination "IM GOD" on the Commonwealth's mandated, controlled, and issued license plates was denied. Defendant is hereby entitled to summary judgment on all claims presented by the Plaintiffs in this action.

Respectfully submitted,

/s/ *Paul Kevin Moore*
PAUL KEVIN MOORE, Esq.
Executive Director/General Counsel

/s/ *William H. Fogle*
WILLIAM H. FOGLE, Esq.
Kentucky Transportation Cabinet
Office of Legal Services
200 Mero St.
Frankfort, KY  40601
Telephone: 502-564-7650
Email: kevin.moore@ky.gov
            william.fogle@ky.gov

and

/s/ *Kyle W. Ray*
KYLE W. RAY, Esq.
Kentucky Transportation Cabinet
District 7
800 Newtown Court
Lexington, KY 40511
Telephone: 859-246-2355
Email: kyle.ray@ky.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2019, I electronically filed the foregoing document through the CM/ECF system with the Clerk, which will send notice of electronic filing to the following:

Hon. Corey M. Shapiro
Hon. Heather L. Gatnarek
ACLU of Kentucky Foundation, Inc.
325 West Main Street, Suite 210
Louisville, KY 40202
corey@aclu-ky.org
heather@aclu-ky.org

and

Hon. Patrick C. Elliott
Hon. Rebecca S. Markert
Freedom From Religion Foundation
10 N. Henry Street
Madison, WI 53703
patrick@ffrf.org
markert@ffrf.org
*Counselors for the Plaintiff*

/s/ *Paul Kevin Moore*
PAUL KEVIN MOORE, Esq.
Kentucky Transportation Cabinet
Office of Legal Services
200 Mero St.
Frankfort, KY 40622
Email: kevin.moore@ky.gov
Tele:   502.564.7650