# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# FRANKFORT

*ELECTRONICALLY FILED*

| | |
|---|---|
| **BENNIE L. HART,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v.  ) | Case No. 3:16-cv-00092-GFVT |
| ) | |
| ) | |
| **GREG THOMAS, in his official** ) | |
| **capacity as Secretary of the** ) | |
| **Kentucky Transportation Cabinet,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Kentucky's personalized license plates are government speech, not private speech as contemplated and relied upon by the Plaintiff as the basis for his motion for summary judgment. Kentucky possesses ultimate authority to decide which messages it will or will not endorse and place on its government-mandated, government-controlled, and government-issued IDs. The Defendant did not violate the Plaintiff's rights when the Kentucky Transportation Cabinet (hereinafter "KYTC") denied approval of the Plaintiff's request to use the alphanumeric combination "IM GOD" as the registration number on the Commonwealth's issued license plate. Therefore, the Plaintiff's motion for summary judgment should be denied.

## COUNTERSTATEMENT OF THE FACTS

In Kentucky, all motor vehicles are registered, regulated, and controlled by KYTC. KRS 186.005(2); KRS 186.240(1). Pursuant to KRS 186.020, all motor vehicle owners must register their motor vehicles with the Commonwealth and must pay an annual fee in accordance with KRS 185.050. All properly registered motor vehicles are assigned a registration number, which is a unique, random combination of three letters of the alphabet and three Arabic numbers. KRS 186.010(2). This registration number is placed on a license plate along with the word "Kentucky," the slogan "Bluegrass State," and the name of the county in which the license plate is issued and provided to the motor vehicle registrant. KRS 186.240(2). The motor vehicle registrant is required to display his corresponding license plate on the rear of his vehicle so that the license plate is visible at all times. KRS 186.170(1); KRS 186.240(c).

Kentucky provides motor vehicle registrants the opportunity to obtain a specialized license plate in lieu of a regular/general issue license plate. KRS 186.164(7). Over time, the Kentucky General Assembly has created various specialized license plates for specific groups or organizations in KRS 186.162. Additional groups or organizations wanting to create a specialized plate must obtain final approval for their plate from KYTC. KRS 185.164(2). As part of obtaining KYTC's approval of a requested specialized plate, all groups or organizations requesting a specialized license plate must comply with the conditions in KRS 186.164(9)(a)-(g). A KYTC approved specialized license plate must also contain the

word "Kentucky" as well as the motor vehicle registrant's registration number when issued to a motor vehicle registrant. KRS 186.164(2).

Relevant here, Kentucky offers motor vehicle registrants the option of requesting the approval of a specific alphanumeric combination from KYTC as part of the Commonwealth's personalized license plate program. KRS 186.174. The specifically requested alphanumeric combination must be unique and limited to a combination of no more than six total letters of the alphabet, numbers, and spaces. KRS 186.174(6). Moreover, the requested alphanumeric combination must comply with the criteria set out in KRS 186.164(9)(c) to (g). KRS 186.174(6).

In accordance with statute, KYTC reviews every requested alphanumeric combination with the criteria set forth in KRS 186.164(9)(c) to (g) in order to determine whether to approve or deny the requested alphanumeric combination. Id. The Kentucky General Assembly expressly incorporated five of the seven conditions for approving or denying specialized license plate requests into the requirements for approving or denying the alphanumeric combinations requested as part of the personalized license plate program.[1] The criteria that KYTC must use as part of its review to either approve or deny an alphanumeric request includes:

> (c) The group, or the group's lettering, logo, image, or message to be placed on the license plate, if created, shall not discriminate against any race, color, religion, sex, or national origin, and shall not be construed, as determined by the cabinet, as an attempt to victimize or intimidate any person due to the person's race, color, religion, sex or national origin;
> (d) The group shall not be a political party and shall not have been created primarily to promote a specific political belief;

---

[1] Parts (a) and (b) of KRS 186.164 deal with explicitly with types the groups or organizations applying for a specialized license plate and do not impact the personalized license plate program.

3

> (e) The group shall not have as it primary purpose the promotion of any specific faith, religion, or antireligion;
> (f) The name of the group shall not be the name of a special product or brand name, and shall not be construed as determined by the cabinet, as promoting a product or brand name; and
> (g) The group's lettering, logo, image, or message to be placed on the license plate, if created, shall not be obscene, as determined by the cabinet.

KRS 186.164(9)(c) to (g).

While KYTC's internal procedure for reviewing alphanumeric requests has been tweaked over the years, KYTC's guidelines and approach, no matter the internal procedure, for reviewing and either denying or approving each and every alphanumeric request has importantly remained consistent. (Exhibit 1 hereto, Deposition of Matthew Henderson, pp. 16:5-11, 22:1-28:5, 31:14-32:2, 35:17-25, 41:20-42:1, 43:2-11, 44:20-45:22, 50:17-52:3, 55:25-56:19, 65:16-20). Specifically, KYTC applies the five conditions specifically mandated by the Kentucky General Assembly in the controlling statute to each alphanumeric request and either approves or denies the alphanumeric request based on those conditions. Id. If an alphanumeric request violates any of the specifically mandated conditions, then KYTC denies that alphanumeric request. Id. If KYTC approves an alphanumeric request, then that approved alphanumeric request becomes the applicant's registration number, which is then placed on a Kentucky-mandated, Kentucky-controlled, and Kentucky-issued license plate. KRS 186.174.

In the instant case, the Plaintiff requested a personalized license plate containing the alphanumeric combination "IM GOD". (DN 1). KYTC reviewed and denied the Plaintiff's request because it violated the conditions set out by the

4

Kentucky General Assembly in KRS 186.174(3) and KRS 186.164(9)(c)-(g). (DN 48-1, KYTC Denial Letter).

## ARGUMENT

**I. Kentucky's Personalized License Plate Program Is Not Subject to First Amendment Scrutiny**

    **A. Kentucky's Personalized License Plates Constitute Government Speech**

Plaintiff's argument that Kentucky's personalized license plates are private speech, not government speech, is inconsistent with the three-factor standard set forth by the United States Supreme Court in Walker v. Texas Div., Sons of Confederate Veterans, Inc., 135 S. Ct. 2239 (2015). Kentucky's personalized license plates are government speech in accordance with the Walker three-factor standard because Kentucky's personalized license plates: 1) have historically been used as a medium to speak to the public; 2) have been closely identified in the public mind with the state; and 3) have been controlled by the Commonwealth. Walker, 135 S. Ct. at 2246; see also Comm'r of Indiana Bureau of Motor Vehicles v. Vawter, 45 N.E.3d 1200, 1207 (Ind. 2016) ("The three Walker factors apply with equal or even greater force to Indiana PLPs [personalized license plates] as they do to Texas' specialty plates, demonstrating that Indiana's PLPs are government speech."). *But see* Mitchell v. Maryland Motor Vehicle Admin., 148 A.3d 319 (Md. 2016) (reaching a different conclusion under a distinguishable license-plate regime).

i. **Kentucky's Personalized License Plates Have Historically Been Used As A Medium to Speak to the Public**

Kentucky's personalized license plates meet the first prong of the Walker test because Kentucky's personalized license plates have historically been used by the Commonwealth as a medium to speak to the public. The Supreme Court recognized "the history of license plates shows that, insofar as license plates have conveyed more than state names and *vehicle identification numbers*, they have long communicated messages from the States." Walker, 135 S. Ct. at 2248 (emphasis added). The Supreme Court therefore took it as a given that the "vehicle identification numbers" placed on license plates have long been used by the states to communicate a message to the public.

Kentucky has long used its license plates to send messages to the public. Kentucky mandates that all motor vehicles registered in the Commonwealth be affixed with a license plate consisting of a unique registration number. KRS 186.050(2); KRS 186.020; KRS 186.170(1); KRS 186.174.  As pointed out by the Vawter Court, this statutory requirement of a registration number sends a government message that identifies vehicle ownership. Vawter, 45 N.E.3d at 1204. Kentucky has a long history of placing graphics and slogans on its plates to communicate messages from the Commonwealth to the public. In 1929, Kentucky placed the slogan "For Progress" on its license plates. J. Fox, License Plates of the United States 44-45 (1997) (DN 48-2). In 1951, "Tour Kentucky" was adopted as the message being sent by the government to its people. Id. The slogan "Bluegrass State" was introduced as a requirement onto license plates in 1988. KRS 186.240; J. Fox,

License Plates of the United States 44-45 (1997). Currently, Kentucky uses "Unbridled Spirit" on its license plates to promote the Commonwealth. Kentucky license plates have also been adorned with graphics such as the steeples of Churchill Downs and running horses, J. Fox, License Plates of the United States 44-45 (1997) (DN 48-2). Kentucky government, specifically KYTC, has historically used license plates as a medium to deliver messages to the public.

Plaintiff's citation to the fact that the vehicle registrant may request approval of a specific alphanumeric combination from the Commonwealth to go on a state issued license plate does not change the fact that license plates have historically been used as a medium to speak to the public. In Walker, the applicant requested a specific graphic and slogan attributable to the applicant to go on a Texas issued specialized license plate. Texas reviewed and denied the request since the requested graphic and slogan was not a message the state of Texas wanted to endorse and send to the public. The Supreme Court was clear that "the fact that private parties take part in the design and propagation of the message does not change the governmental nature of the message. . ." Walker, 135 S. Ct. at 2251.

In applying this reasoning set forth by the Supreme Court in Walker, the Indiana Supreme Court concluded that the governmental nature of the messages being sent on license plates is not changed because the state allows motor vehicle registrants the option and opportunity to request approval of specific alphanumeric combinations. Vawter, 45 N.E.3d at 1205 ("While the alphanumeric combinations on PLPs are individually chosen instead of created by the state, this difference is

7

secondary and does not change the principal function of state-issued license plates as a mode of unique vehicle identification.").

By contrast, the Maryland Court of Appeals in Mitchell, which the Plaintiff relies on heavily to support his argument, did not address the fact that the requested alphanumeric combination of a personalized license plate, if approved, serves as the applicant's registration number and the primary governmental function of vehicle identification.  Mitchell, 148 A.3d at 325-328. The Mitchell Court also failed to recognize that the registration number is a part of the overall governmental message being delivered by the state to the public on license plates. Id.

The fact that the Commonwealth has his historically used personalized license plates to communicate its message is underscored by the fact that the criteria governing personalized license plates are virtually the same as those governing specialized license plates. KRS 186.176(6) (incorporating the statutory requirements governing specialized license plates in KRS 186.164(9)c-g).  That is to say, the Kentucky General Assembly has in important respect equated personalized license plates with specialized license plates.  In this respect, the analogy to Walker's holding about specialized license plates is especially strong.

Just like Indiana, Kentucky's personalized license plate program allows the motor vehicle registrant-applicant the opportunity to request a specific combination of letters and numbers to serve as the motor vehicle registrant-applicant's registration number. KRS 186.174.  If the request is approved by KYTC, then this unique alphanumeric combination becomes the registration number, which identifies

8

the vehicle, and serves as a part of the total government message being communicated by Kentucky on its license plates. Accordingly, Kentucky's personalized license plates meet the first prong of Walker's three-factor test because Kentucky's license plates have historically been used as a medium to speak to the public.

      ii.    **Kentucky's Personalized License Plates Are Closely Identified in the Public Mind with the State**

Kentucky's personalized license plates satisfy the second prong of the Walker three-factor standard because Kentucky's personalized license plates are closely identified in the public mind with the State. The governmental nature of license plates is clear for the simple reason that the plates are produced and issued by the government with the state's name displayed prominently on the plate. Walker, 135 S. Ct. 2248-49. As recognized by the Supreme Court, "license plates are, essentially, government IDs" and "issuers of IDs 'typically do not permit' the placement on their IDs 'message[s] with which they do not wish to be associated.'" Id. at 2249 (quoting Summum, 555 U.S. at 471). "Consequently, 'persons who observe' designs on IDs 'routinely—and reasonably— interpret them as conveying some message on the [issuer's] behalf." Ibid.

Applying the rationale set out by the Supreme Court in Walker, the Vawter Court correctly determined that Indiana's personalized license plates are closely identified in the public mind with the state of Indiana. Vawter, 45 N.E.3d at 1205-06. In reaching this decision, the Vawter Court identified the following facts: Indiana is prominently displayed on the plate; the plate is owned and issued by the state of

9

Indiana; Indiana must approve the alphanumeric combination requested by the motor vehicle registrant-applicant; and Indiana requires the plates to be displayed on the vehicle. Id.

Just like Texas' specialized license plates and Indiana's personalized license plates, "Kentucky" is prominently displayed on the top of *all* license plates issued in Kentucky. (Pictorial Display of Kentucky's Currently Available License Plates, DN 48-3). And like Texas and Indiana, Kentucky requires all owners of registered motor vehicles to display their Commonwealth issued license plate on the rear of the vehicle. KRS 186.170(1). Finally, Kentucky, just like Texas and Indiana, has final approval over which graphics, logos, and/or messages appear on a license plate, including the personalized alphanumeric combination requested by a motor vehicle registrant. KRS 186.164; KRS 186.174.

Plaintiff's argument that the public perceives the alphanumeric portion of a personalized license plate to be the speech of an individual on a government ID does not fit with the Supreme Court's ruling in Walker. The Supreme Court has determined that the public perceives the issuer of the ID, not the holder, as the speaker of the message set forth on the ID. Walker, 135 S. Ct. at 2249. The alphanumeric combination that makes up personalized license plates, regardless of the actual combination, is government speech specifically identifying a vehicle. Vawter, 45 N.E.3d at 1206 (citing Walker, 135 S. Ct. 2255-56). Accordingly, the license plate is a state issued ID approved and endorsed by the Commonwealth.

10

### iii. **Kentucky's Personalized License Plates Are Controlled by the State**

Kentucky's personalized license plates meet the third prong of the Walker three-factor standard because Kentucky maintains direct control over whether a personalized plate request is approved and issued by the Commonwealth. As part of the Supreme Court's analysis of the third prong, the Supreme Court recognized that Texas exercised direct control and final approval over the graphics, logos, and messages placed on its license plates. Walker, 135 S. Ct. at. 2249.

Any claim made by the Plaintiff that the Commonwealth does not exercise direct control over personalized license plates is inaccurate. Pursuant to Kentucky statute, KYTC maintains final approval authority over the alphanumeric combinations requested by motor vehicle registrants-applicants on personalized license plates. KRS 186.174. The Kentucky General Assembly mandated the criteria under which KYTC must either approve or deny every requested alphanumeric combination. By applying these statutes to each and every personalized plate request, KYTC maintains direct and final control over which alphanumeric combinations are denied or approved and ultimately placed on Kentucky's license plates.

Plaintiff's reference to the different procedures KYTC has used to review and either deny or approve alphanumeric combinations requested as part of the personalized license plate requests is irrelevant to this case. KYTC's approach and application of the conditions set out by Kentucky General Assembly to each and every alphanumeric request has remained consistently the same. Throughout the

personalized license plate program, KYTC has always served as the final decision maker.

Finally, the Plaintiff's citation to the Supreme Court's decision Matal v. Tam, 137 S. Ct. 1744 (2018), actually supports the Defendant's position that personalized license plates are government speech. In Matal, 137 S. Ct. at 1759-60, the Supreme Court analyzed whether trademarks are government speech or private speech by applying the Walker three-factor standard. The Supreme Court's analysis revealed trademarks satisfy none of the three Walker factors. Id. Specifically, the Supreme Court determined trademarks are not government speech since 1) trademarks have not traditionally been used to convey a government message, 2) there is no evidence that the public associates the contents of trademarks with the government, and 3) the government does not have final authority over the message being delivered on the trademark. Id. In short, the Supreme Court ruled that since trademarks did not satisfy all three prongs of the Walker three-factor standard, trademarks were subject to First Amendment scrutiny. Id.

Matal demonstrates that the Walker three-factor standard is the test by which Courts should analyze government speech cases. As such, the cases cited by the Plaintiff that pre-date the Walker decision and determined that personalized license plates are not government speech are not controlling or persuasive in the case at bar.[2] All of these cases failed to analyze personalized license plates in accordance with the

---

[2] The Plaintiff cites three federal cases (DN 49, page 14 of 29) that predate Walker to support his position that personalized license plates are government speech. The three cases are: Matwyuk v. Johnson, 22 F. Supp. 3d 812 (E.D. Mich. 2014); Byrne v. Rutledge, 623 F.3d 46 (2d Cir. 2010); and Morgan v. Martinez, 2015 WL 2233214 (D.N.J. May 12, 2015).

Walker three-factor standard, which is the current test for analyzing government speech cases. As demonstrated above, Kentucky's personalized license plates satisfy all three prongs of the Walker three factor standard. As such, Kentucky's personalized license plates are government speech.

Plaintiff has asked this Court to require the Kentucky Transportation Cabinet to approve and endorse a message it does not want to send to the public on its government-mandated, government-controlled, and government-issued IDs, i.e. license plates. Because personalized license plates are government speech, Plaintiff's motion for summary judgment should be denied.

### B. Kentucky's Personalized License Plates Are Not Subject to Forum Analysis

Personalized license plates are government speech and therefore are not subject to forum analysis as maintained by the Plaintiff. Forum analysis is used by the courts "to evaluate government restrictions on purely private speech that occurs on government property." Walker, 135 S. Ct. at 2250; *see* Cornelius v. NAACP Legal Defense & Ed. Fund, Inc., 473 U.S. 788, 800 (1985). Because the government is speaking on its own behalf on a license plate, the First Amendment strictures that attend the various types of government-established fora do not apply. Walker, 135 S. Ct. at 2250 ("[F]orum analysis is misplaced here.").

Kentucky's personalized license plates are not a "limited public forum", nor are they a "nonpublic forum" as suggested and relied upon by the Plaintiff. Limited public fora exist where a "government has reserve [ed a forum] for certain groups or for the discussion of certain topics." Walker, 135 S. Ct. at 2250 (citing Rosenberger v.

13

Rector and Visitors of Univ. of Va., 515 U.S. 819, 829 (1995)). "A government does not create a public forum by inaction or by permitting limited discourse, but only by intentionally opening a nontraditional forum for public discourse.' Walker, 135 S. Ct. at 2250 (citing Cornelius, 473 U.S. at 802). To determine whether a government intended to create a limited public forum, courts are supposed to look "to the policy and practice of the government and to the nature of the property and its compatibility with expressive activity." Id.

In Walker, the Supreme Court held that Texas did not intend its specialized license plates to serve as a limited public forum for the following reasons: Texas exercises final authority over all plate designs; the word "Texas" is displayed on each plate; and each plate serves as a unique ID. Walker, 135 S. Ct. at 2251. For similar reasons, the Supreme Court held Texas had not intended its specialized license plates to serve as a nonpublic forum. Id.

Just like Texas' intention with its specialized license plates and Indiana's intention with its personalized license plates, Kentucky never intended for its license plates to be anything other than government speech. KYTC maintains final authority over the personalized license plate program. Kentucky is placed at the top of each plate. And license plates, specifically the alphanumeric combination that serves as the registration number, are issued as government IDs. Kentucky's personalized license plates are not a limited public forum or a nonpublic forum. Instead, Kentucky's personalized license plates are government speech.

## II. Plaintiff Is Not Entitled to a Personalized License Plate

The Plaintiff does not have a legal right to have the alphanumeric combination "IM GOD" serve as his registration number on his Kentucky issued license plate. The Kentucky General Assembly set out five specific conditions by which KYTC was to review and either approve or deny requested alphanumeric combination. Specifically, the General Assembly mandated that KYTC was to deny and not issue any requested alphanumeric combination which would violate KRS 186.164(9)(c) to (g). KRS 186.174(6). The General Assembly established that KYTC was not to issue a license plate containing an alphanumeric combination that: discriminates against any race, color, religion, sex or national origin, and/or attempts to victimize or intimidate any person due to the person's face, color, religion, sex, or national origin; promotes a specific political belief; promoted any specific faith, religion, or antireligion; is the name of a special product or brand name and/or promotes a product or brand name; and/or is obscene.

In this case, the Plaintiff's alphanumeric request "IM GOD" clearly violates the conditions set forth by the Kentucky General Assembly for the issuance of a personalized license plate. Moreover, the Plaintiff's alphanumeric request, if approved, would send a message the Commonwealth has mandated by statute that it does not want to send to the public. As such, the Plaintiff's request for a license plate where his registration number would read "IM GOD" is not permitted by Kentucky law. To put it simply, the Plaintiff is alleging that he should receive a license plate

that is prohibited by statute because-in his view- others have received plates that are prohibited by statute. But his reasoning is backward. Even if he were correct that some individuals have obtained plates that should have been prohibited under the controlling statute, that does not mean that he is also entitled to such a plate. The correct answer is that anyone who has been given a plate in contravention of the statute should have their plate taken away, not that the statute should be further ignored to give out even more prohibited plates. Two wrongs do not make a right.

## CONCLUSION

Kentucky's personalized license plates constitute government speech in accordance with the three-factor standard set forth by the Supreme Court in Walker. Since personalized license plates are government speech, the Defendant's decision to deny the Plaintiff's request to use the alphanumeric combination "IM GOD" as the Plaintiff's registration number on the Commonwealth's mandated, controlled, and issued license plates is not subject to First Amendment Scrutiny. Therefore, the Court should deny the Plaintiff's motion for summary judgment.

Respectfully submitted,

/s/ *Paul Kevin Moore*
PAUL KEVIN MOORE, Esq.
Executive Director/General Counsel

/s/ *William H. Fogle*
WILLIAM H. FOGLE, Esq.
Kentucky Transportation Cabinet
Office of Legal Services
200 Mero St.
Frankfort, KY  40601
Telephone: 502-564-7650
Email: kevin.moore@ky.gov
　　　william.fogle@ky.gov

and

/s/ *Kyle W. Ray*
KYLE W. RAY, Esq.
Kentucky Transportation Cabinet
District 7
800 Newtown Court
Lexington, KY 40511
Telephone: 859-246-2355
Email: kyle.ray@ky.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2019, I electronically filed the foregoing document through the CM/ECF system with the Clerk, which will send notice of electronic filing to the following:

Hon. Corey M. Shapiro
Hon. Heather L. Gatnarek
ACLU of Kentucky Foundation, Inc.
325 West Main Street, Suite 210
Louisville, KY 40202
corey@aclu-ky.org
heather@aclu-ky.org

and

Hon. Patrick C. Elliott
Hon. Colin E. McNamara
Freedom From Religion Foundation
10 N. Henry Street
Madison, WI 53703
patrick@ffrf.org
markert@ffrf.org
*Counselors for the Plaintiff*

                                                         /s/ *Kyle W. Ray*
                                                         KYLE W. RAY, Esq.
                                                         Kentucky Transportation Cabinet
                                                         District 7
                                                         800 Newtown Court
                                                         Lexington, KY 40511
                                                         Telephone: 859-246-2355
                                                         Email: kyle.ray@ky.gov