UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| BENNIE L. HART ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:16cv00092-GFVT |
| v. ) | *Electronically Filed* |
| ) | |
| GREG THOMAS, in his official ) | |
| capacity as Secretary of the ) | |
| Kentucky Transportation Cabinet, ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff, by counsel, submits this notice of supplemental authority from the United States Supreme Court, *Iancu v. Brunetti*, 588 U.S. ___, No. 18-302 (June 24, 2019), attached as Exhibit A.

One issue in this case is the constitutionality of Defendant's prohibition, in 601 KAR 9:012(5), against personalized license plates that are "offensive to good taste and decency." In *Brunetti*, the Court struck down a portion of the Lanham Act barring registration of trademarks containing "immoral or scandalous matter." 588 U.S. at *2 (quoting 15 U.S.C. § 1052(a)). The Court agreed with the U.S. Patent and Trademark Office's plain language interpretation of the statute as barring marks that a " 'substantial composite of the general public' would find… 'shocking to the sense of truth, decency, or propriety'; 'offens[ive] to the conscience or moral feelings'; 'calling out for condemnation'; 'disgraceful'; 'offensive'; 'disreputable;' or 'vulgar.' " *Id*. at *3, *10.

The Court held there was a First Amendment violation because the statute "distinguishes between two opposed sets of ideas: those aligned with conventional moral standards and those hostile to them." *Id*. at *6.  Under 601 KAR 9:012(5), the

Transportation Cabinet may revoke plates that are "offensive to good taste and decency"—language functionally identical to that invalidated in *Brunetti*.

The decision in *Brunetti* supports Plaintiffs' position that because 601 KAR 9:012(5) as well as KRS 186.174 facially favor certain ideas and disfavor others [*see* DN#49, 13–24], these provisions are unconstitutional, on their face and as applied to Mr. Hart, and cannot be preserved through narrower construction.

For the reasons contained in *Brunetti*, as well as those in Plaintiff's Motion for Summary Judgment [DN #49; 53], Plaintiff's motion should therefore be granted.

Dated: July 12, 2019

    Respectfully submitted,

    /s/ Corey M. Shapiro
    Corey M. Shapiro
    Heather L. Gatnarek
    ACLU OF KENTUCKY FOUNDATION
    325 W. Main St. Ste. 2210
    Louisville, KY 40202
    corey@aclu-ky.org
    heather@aclu-ky.org

    Patrick C. Elliott*
    Colin E. McNamara*
    FREEDOM FROM RELIGION FOUNDATION
    10 N. Henry Street
    Madison, WI 53703
    (608) 256-8900
    patrick@ffrf.org
    colin@ffrf.org
    *Admitted *pro hac vice*

    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2019, I electronically filed this Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Paul Kevin Moore
William H. Fogle
Kyle W. Ray
kevin.moore@ky.gov
william.fogle@ky.gov
kyle.ray@ky.gov

*Counsel for Defendant*

                                                /s/ Corey M. Shapiro
                                                Corey M. Shapiro