UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| **BENNIE L. HART,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00092-GFVT |
| ) | |
| ) | |
| **GREG THOMAS, in his official** ) | *Filed Electronically* |
| **capacity as Secretary of the** ) | |
| **Kentucky Transportation Cabinet,** ) | |
| ) | |
| DEFENDANT. ) | |

## RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Simply put, *Iancu v. Brunetti*, 139 S. Ct. 2294 (2019) is neither persuasive nor relevant to this case. *Brunetti* does not involve, or even address, government speech, which is the central issue here. The US Supreme Court's ruling in *Brunetti* is nothing more than a continuation of the precedent set by the Supreme Court in *Matal v. Tam*, 137 S. Ct. 1744 (2018), which held trademarks are not government speech, and therefore are subject to First Amendment scrutiny.

Importantly, the Supreme Court determined trademarks are not government speech by applying the three-factor standard set forth in *Walker v. Texas Div. Sons of Confederate Veterans, Inc.*, 135 S. Ct. 1744 (2018). *Tam*, 137 S. Ct. at 1759-60. The Supreme Court's analysis in *Tam* determined that trademarks satisfy none of the three *Walker* factors. *Id.* Specifically, the Supreme Court determined trademarks are not government

speech because: 1) trademarks have not traditionally been used to convey a government message; 2) there is no evidence that the public associates the content of trademarks with the government; and 3) the government does not have final authority over the message being delivered on the trademark.  Id.

*Tam* confirms Defendant's utilization of the *Walker* three-factor standard as the test by which Courts should analyze government speech cases like the one at hand.  In following the precedent set in *Tam*, *Brunetti* does not even address whether trademarks should be considered government speech.  Therefore, the opinion issued by the Supreme Court in *Brunetti* does not change or modify the three-factor standard set forth by the Supreme Court in *Walker* and upheld in *Tam* as the test which Courts should analyze government speech cases.

The bottom line is this: Brunetti is about the government establishing different standards of treatment for private speech based on its content – which is obviously problematic – but the present case concerns *government* speech, not private speech. As demonstrated by the Defendant in his Motion for Summary Judgment (DN 48), his Response to the Plaintiff's Motion for Summary Judgment (DN 52), and his Reply (DN 54), Kentucky's personalized license plates constitute government speech since they satisfy all three-factors of the *Walker* test. And since personalized license plates are government speech, the Defendant's decision to deny the Plaintiff's request to use the alphanumeric combination "IM GOD" as the Plaintiff's registration number on a license plate issued, controlled and mandated by the Commonwealth of Kentucky's is not

subject to First Amendment Scrutiny. Accordingly, the Defendant is entitled to summary judgment on all claims presented by the Plaintiff in this action.

                Respectfully submitted,

                /s/ *Paul Kevin Moore*
                PAUL KEVIN MOORE, Esq.
                Executive Director/General Counsel

                /s/ *William H. Fogle*
                WILLIAM H. FOGLE, Esq.
                Kentucky Transportation Cabinet
                Office of Legal Services
                200 Mero St.
                Frankfort, KY 40601
                Telephone: 502-564-7650
                Email: kevin.moore@ky.gov
                         william.fogle@ky.gov

and

                /s/ *Kyle W. Ray*
                KYLE W. RAY, Esq.
                Kentucky Transportation Cabinet
                800 Newtown Court
                Lexington, KY 40511
                Telephone: 859-246-2355
                Email: kyle.ray@ky.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July, 2019, I electronically filed the foregoing document through the CM/ECF system with the Clerk, which will send notice of electronic filing to the following:

Hon. Corey M. Shapiro
Hon. Heather L. Gatnarek
ACLU of Kentucky Foundation, Inc.
325 West Main Street, Suite 210
Louisville, KY 40202
corey@aclu-ky.org
heather@aclu-ky.org

and

Hon. Patrick C. Elliott
Hon. Colin E. McNamara
Freedom From Religion Foundation
10 N. Henry Street
Madison, WI 53703
patrick@ffrf.org
markert@ffrf.org
*Counselors for the Plaintiff*

/s/ *Kyle W. Ray*
KYLE W. RAY, Esq.
Kentucky Transportation Cabinet
800 Newtown Court
Lexington, KY 40511
Telephone: 859-246-2355
Email: kyle.ray@ky.gov