UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BENNIE L. HART, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00092-GFVT |
| ) | |
| ) | |
| GREG THOMAS, in his official ) | *Filed Electronically* |
| capacity as Secretary of the ) | |
| Kentucky Transportation Cabinet, ) | |
| ) | |
| DEFENDANT. ) | |

### RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

*Kotler v. Webb*, No. CV 19-2682-GW-SKx, 2019 WL 4635168 (C.D. Cal. Aug. 29, 2019), is an unpublished, unappealable decision from a district court in California. It obviously is not controlling authority. Perhaps more importantly, it is not in line with the reasoning set out by the Supreme Court in *Walker v. Texas Div. Sons of Confederate Veterans, Inc.*, 135 S. Ct. 1744 (2018).

In *Kotler*, at 7-8, the Central District of California determined California's personalized license plates were not government speech because California's personalized license plates did not satisfy the final two prongs of the *Walker* three-factor standard. *See Kotler*, 2019 WL 4635168, at *7-*8. The rationale utilized in *Kotler* appears to fall in line with the faulty analysis set out by the Maryland Court of Appeals in *Mitchell v. Md. Motor Vehicles Admin.*, 146 A.3d 319 (2016).

The *Kotler* Court's determination that the public recognizes the alphanumeric portion of a personalized license plate to be the speech of the motor vehicle registrant, not the government does not fit with the Supreme Court's ruling in *Walker* on the second prong of the three-factor standard. The Supreme Court was clear that "[state issued] license plates are essentially, government IDs." *Walker*, 135 S. Ct. at 2249. This reasoning encompassed ***all*** license plates issued by the state, not just the specialized license plates under scrutiny. *Id.* Since all license plates are government IDs, the public perceives the state, as the issuer of the ID, as the speaker of the entire message, including the alphanumeric combination, set forth on the license plate. *Id.* It would also appear that the proposed plate in *Kotler*, which would contain the letters "COYW," related to an "Environmental License Plate" program for personalized configuration. *Kotler*, 2019 WL 4635168, at *3. It is not clear from a factual standpoint whether that program is similar to the Kentucky program at issue in the present case.

Moreover, the *Kotler* court improperly minimized the fact that the primary purpose of the alphanumeric combination on a license plate is to serve as the registration number that identifies vehicle ownership. The alphanumeric combination that makes up personalized license plates, regardless of the actual combination, is government speech specifically identifying a vehicle. *Comm'r of Indiana Bureau of Motor Vehicles v. Vawter*, 45 N.E.3d 1200, 1206 (Ind. 2016) (citing *Walker*, 135 S. Ct. 2255-56, where even the four dissenting Justices apparently agree that the numbers and/or letters identifying the vehicle are "unquestionably" government speech.). Even though private parties can request a specific alphanumeric combination, this request does not change the

governmental nature of the message being sent on a state issued license plate. *Walker*, 135 S. Ct. at 2251.

Additionally, the *Kotler* court's conclusion that the state of California failed to maintain direct control over the approval or disapproval of personalized license plate requests strays from the Supreme Court's ruling in *Walker*. The state's decision to retain and exercise final approval authority demonstrates the state's direct control over the messages being communicated through license plates. *Walker*, 135 S. Ct. at 2249. The *Kotler* court incorrectly looked to the number of times the state of California approved or disapproved of license requests to conclude that California failed to maintain direct control. Importantly, the number of messages conveyed by a state does not change the governmental nature of the message being sent on a state issued license plate. *Walker*, 135 S. Ct. at 2251-52.

By all accounts, the *Walker* three-factor standard, and the Supreme Court's reasoning as to those factors, are the parameters by which this case should be decided. A California district court's misapplication of that standard is irrelevant to this case, especially in light of the fact that Kentucky's personalized license plate program appears to differ significantly from California's. Thus, this Court should ignore *Kotler*.

                    Respectfully submitted,

                    */s/ Paul Kevin Moore*
                    PAUL KEVIN MOORE, Esq.
                    Executive Director/General Counsel

                    */s/ William H. Fogle*
                    WILLIAM H. FOGLE, Esq.
                    Kentucky Transportation Cabinet

        Office of Legal Services
        200 Mero St.
        Frankfort, KY  40601
        Telephone: 502-564-7650
        Email: kevin.moore@ky.gov
             william.fogle@ky.gov

and

*/s/ Kyle W. Ray*
KYLE W. RAY, Esq.
Kentucky Transportation Cabinet
800 Newtown Court
Lexington, KY 40511
Telephone: 859-246-2355
Email: kyle.ray@ky.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2019, I electronically filed the foregoing document through the CM/ECF system with the Clerk, which will send notice of electronic filing to the following:

Hon. Corey M. Shapiro
Hon. Heather L. Gatnarek
ACLU of Kentucky Foundation, Inc.
325 West Main Street, Suite 210
Louisville, KY 40202
corey@aclu-ky.org
heather@aclu-ky.org

and

Hon. Patrick C. Elliott
Hon. Colin E. McNamara
Freedom From Religion Foundation
10 N. Henry Street
Madison, WI 53703
patrick@ffrf.org
markert@ffrf.org
*Counselors for the Plaintiff*

/s/ *Kyle W. Ray*
KYLE W. RAY, Esq.
Kentucky Transportation Cabinet