UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BENNIE L. HART, | ) |
| | ) |
| Plaintiff, | ) Civil No. 3:16-cv-00092-GFVT-EBA |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| GREG THOMAS, in his official capacity as | ) **&** |
| Secretary of the Transportation Cabinet, | ) **ORDER** |
| | ) |
| Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is Plaintiff Bennie L. Hart's Motion for Attorneys' Fees, made pursuant to 42 U.S.C § 1988. The requested fees and costs would reimburse Mr. Hart's attorneys for their work in representing him in the instant action. Defendants do not appear to contest that Plaintiff is entitled to some award of attorney fees, but they dispute the number of hours and hourly rate claimed by Plaintiff's counsel. For the following reasons, Plaintiff's Motion for Attorneys' Fees and Costs [R. 65] is GRANTED.

**I**

In 2016, Plaintiff Bennie L. Hart applied for a license plate through the Kentucky Transportation Cabinet's personalized license plate program. [R. 49 at 9.] This program allows drivers to request, for a fee, "a license plate with personal letters or numbers significant to the applicant," subject to certain limitations. [K.R.S. § 186. 174(1); R. 49 at 9.] The Transportation Cabinet denied Mr. Hart's request for the plate "IM GOD" on the basis that it did not "meet the requirements of KRS § 186.174 and 601 KAR 9:012. Section 5." Mr. Hart filed suit alleging a violation of his First Amendment rights. [R. 1] The parties filed cross motions for summary judgment. On November 13, 2019 this Court entered an order granting summary judgment in

favor of Mr. Hart. The Court found that KRS § 186.174 had been unconstitutional as applied to Mr. Hart. Now, based on this order, Plaintiff's counsel moves the court for an award of attorneys' fees and costs. Specifically, Plaintiff's counsel claims $150,715.50 in attorneys' fees and $491.24 in costs, for a total of $151,206.74. Defendants do not object to the $491.24 in costs, but object to the calculation of attorneys' fees based on the hours spent preparing Plaintiff's motion for summary judgment and the hourly rate claimed by Plaintiff's attorneys.

## II

### A

Pursuant to the Civil Rights Attorney's Fees Awards Act, the prevailing party in civil rights actions brought under § 1983 may recover its reasonable attorney's fees. *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012). A "prevailing party" is one who succeeds on a significant issue "which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby¸* 506 U.S. 103, 109 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court granted summary judgment in favor of Mr. Hart on November 13, 2019, finding the statute under which the Transportation Cabinet denied Mr. Hart's request for the "IM GOD" plate was unconstitutionally applied to him, in violation of his First Amendment rights. [R. 63.] Defendants do not dispute that Mr. Hart is a "prevailing party" within the meaning of § 1988.

### B

Once a Court determines a party is entitled to attorneys' fees, the Court must then determine what fees are owed and how much of those fees should be paid by the opposing party. Any award must be reasonable. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). To determine reasonable attorney's fees, a court must first determine the "lodestar" amount, which is the attorney's reasonable hourly rate multiplied by the number of proven hours

reasonably expended.  *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013).  "An award-seeking party should submit evidence of hours worked and the rates sought." *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016).  Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded by counsel.  *Id.*  The Court has broad discretion in determining a reasonable hourly rate, and should "use as a guideline the prevailing market rate, which is defined as 'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Id.* (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 1994)).

Here, Mr. Hart requests compensation for five attorneys: Corey Shapiro, Heather Gatnarek, Patrick Elliot, Colin E. McNamara, and Rebecca S. Markert.  [R. 65 at 4.]  Mr. Hart has calculated each attorneys' lodestars as follows:

| Attorney | Requested Rate | Hours | Lodestar |
| --- | --- | --- | --- |
| Corey Shapiro | $375 | 180.7 | $67,760.50 |
| Heather Gatnarek | $275 | 179 | $49,225 |
| Patrick Elliot | $300 | 71.4 | $21,420 |
| Colin E. McNamara | $200 | 51.4 | $10,280 |
| Rebecca S. Markert | $350 | 5.8 | $2,030 |
| **Total** | | | **$150,715.50** |

[R. 65 at 6.]  In support of these figures, each attorney has filed a detailed time report and a declaration averring the accuracy of that report.  [R. 65-1; R. 65-2; R. 65-3; R. 65-4; R. 65-5.] Additionally, Plaintiff's counsel has submitted a declaration from Louisville attorney Jon Fleischaker of Kaplan, Johnson, Abate & Bird, who attests that the rates claimed by Plaintiff's counsel are reasonable for similarly experienced lawyers in Kentucky.  [R. 65-6.]  Defendants disagree.  They specifically object to the amount of time spent preparing the Plaintiff's summary judgment motion and the hourly rates claimed by Plaintiff's counsel.  [R. 69.]  Defendant also

argues the award of fees should be reduced based on the "limited success" achieved by Mr. Hart. *Id.* at 3.

With regard to the hours spent on the summary judgment motion, Defendants point out that "four of the Plaintiff's five (5) attorneys . . . are each requesting fees between April 1, 2019 and April 15, 2019 for drafting, writing, revising, editing and/or finalizing the Plaintiff's Motion for Summary Judgment." [R. 69 at 2.] Defendant apparently objects to the amount of time spent on the motion, arguing that "it is highly debatable whether a private law firm would actually send a bill to their client requesting payment or 112.7 hours for drafting, writing, revising, editing and/or finalizing a Motion for Summary Judgment." *Id.*

At first blush, perhaps 112.7 hours across four attorneys seems excessive. But Plaintiff's Motion for Summary Judgment [R. 49] is nothing if not thorough. To begin, the First Amendment issue argued was particularly complex. Included with Plaintiff's thoughtfully researched memorandum were forty-three exhibits, excluding a proposed order and index of exhibits. [R. 39.] These included excerpts from eight depositions as well as several charts detailing the review process for license plates and which plates were approved or denied, as well as emails between Transportation Cabinet employees discussing various plate requests, among other items. All told, the exhibits alone exceed over 500 pages. The Court relied heavily on these exhibits in deciding the motion for summary judgment as Defendants did not dispute any fact therein and argued the law. In light of the complexity of the issue and the breadth of materials included for the Court's consideration, the Court finds that the 112.7 hours claimed with respect to the summary judgment motion are reasonable.

Defendants also object to the hourly rate claimed by Plaintiff's counsel. Defendants contend that "based on the straightforwardness of the subject action, there is good argument that

4

the hourly rates awarded in this action for local counsel should be in line with the $220.50 hourly rates awarded . . . in *Arriola v. Kentucky*, CV 3:17-CV-00100, 2018 WL 6574775 (E.D. Ky. December 13, 2018)." [R. 69 at 3.] However, the plaintiffs in *Arriola* were (and are—litigation is still ongoing) a certified class of current and former inmates in the care and custody of the Kentucky Department of Corrections and the Kentucky Justice and Public Safety Cabinet. Thus, the rate in that case was determined, not based on the prevailing market rate, but by statute. Per 42 U.S.C. § 1997e(d)(3), the Court could not award attorney's fees greater than 150% of the statutorily authorized rate for court-appointed counsel in non-capital cases, at the time $147.00.

The *Arriola* order referenced by Defendant is unhelpful here, and Defendant points to no other evidence or authority for its argument that the rates claimed are beyond "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Northeast Ohio Coalition*, 831 F.3d at 702. In contrast, Plaintiff's attorneys each provided a declaration detailing their individual qualifications and experience as litigators. [R. 65-1; R. 65-2; R. 65-3; R. 65-4; R. 65-5.] Additionally, they produced the earlier-mentioned declaration from Jon Fleischaker in support of the reasonableness of the rates claimed. [R. 65-6.] In light of this evidence, the Court finds the rates are reasonable.

Defendant's final argument is that the award should be reduced because "Plaintiff did not prevail on his claim that KRS 186.174 be declared facially unconstitutional nor his claims for 601 KAR 9:012(5) to be declared unconstitutional on its face and as applied to plaintiff." [R. 69 at 3.] It is true that Mr. Hart was not successful on every claim made in his complaint, but "[a] court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" *Fox v. Vice*, 563 U.S. 826, 83 (2011) (quoting *Hensley*, 461 U.S. at 435.). Mr. Hart's attorneys achieved a

5

favorable outcome for Mr. Hart in that he was able to receive his "IM GOD" license plate, and exercise his freedom of speech. Finding for Mr. Hart on his as-applied challenge, the Court declined to reach his other constitutional claims. That does not mean the other claims were frivolous, or that they "bore no relation to the grant of relief." *Fox*, 563 U.S. at 834. On the contrary, it was necessary for the parties to litigate these issues. The Court will not reduce the award simply because, as a general rule, the courts should avoid unnecessary adjudication of constitutional issues. *See Ashwander v. TVA*, 297 U.S. 288, 346–48 (1936).

## III

Plaintiff's counsel provided the Court with ample documentation surrounding the work performed and appropriateness of the rates requested. In light of the complex constitutional issues involved and the resultant work-product, the Court cannot agree with Defendants that the hourly rate or time spent by Plaintiff's counsel in this matter was excessive. Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Attorneys' Fees **[R. 65]** is **GRANTED;**

2. Defendants **SHALL PAY** Plaintiff a total of **$150,715.50** in attorneys' fees for the work performed by Corey Shapiro, Heather Gatnarek, Patrick Elliot, Colin E. McNamara, and Rebecca S. Markert; and

3. Defendants **SHALL PAY** a total of **$491.24** for litigation costs.

This 10th day of February, 2020.

*Gregory F. Van Tatenhove*
United States District Judge